UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to All Cases | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

### ORDER[1]

This matter is before the Court on Plaintiff Alvin Irizarry's motion for summary judgment. *See* ECF No. 15. On full consideration, the motion is **GRANTED**.

**I.   Legal Standard**

Summary judgment is appropriate where the record reflects there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). A dispute of fact is "genuine" if "the evidence is

---

[1] This Order assumes the parties' familiarity with the general factual allegations and nature of this multidistrict litigation.

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). Once that burden is met, the nonmoving party must "go beyond the pleadings" and present competent record evidence showing the existence of a genuine, material factual dispute for trial. *Celotex*, 477 U.S. at 324. In doing so, and to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The "mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 252. In assessing whether a movant is entitled to summary judgment, a court must view the evidence and factual inferences drawn therefrom in the light most favorable to the non-moving party. *See id.* at 255; *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). Ultimately, summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex*, 477 U.S. at 323.

## II. Discussion

Irizarry asserts fifteen claims against Defendant 3M Company under Alabama law arising from injuries he alleges were caused by his use of the Combat Arms Earplug version 2 ("CAEv2") during his military service. *See* 1st Am. Compl., ECF No. 4.[2] Defendant raises several affirmative defenses, including, as relevant here, that Irizarry's claims are barred by various intermediary doctrines and that Irizarry's injuries may have been caused by the superseding acts of negligence of a non-party, the United States. *See* Answer, ECF No. 21 at 7-8. Irizarry now moves for summary judgment on the intermediary and superseding cause defenses.

### A. Intermediary Defenses

Irizarry seeks summary judgment on Defendant's affirmative defenses under the sophisticated intermediary, learned intermediary, and bulk supplier or purchaser doctrines on grounds that the doctrines do not apply to consumer products marketed and sold directly to the general public. The Court agrees.

Under Alabama law, the learned intermediary doctrine is limited to cases involving drugs and medical devices only available to patients by prescription, which the CAEv2 is not. *See Blackburn v. Shire U.S., Inc.*, --- So. 3d ---, 2022 WL 4588887, at *4-5 (Ala. 2022). Alabama's bulk supplier doctrine applies only in the context of component parts manufacturers or raw material/industrial chemical

---

[2] The parties agree that Alabama law applies to Irizarry's claims. *See* ECF No. 11.

suppliers, which, with respect to the CAEv2 at least, Defendant is not. *See Sanders v. Ingram Equip., Inc.*, 531 So. 2d 879, 880 (Ala. 1988); *Lakeman v. Otis Elevator Co.*, 930 F.2d 1547, 1551-52 (11th Cir. 1991) (applying Alabama law). Last, no Alabama court has ever adopted the sophisticated intermediary doctrine, and Defendant has not even argued that those courts would do so, much less cited authority to support such a conclusion. In any event, none of the jurisdictions that recognize the sophisticated intermediary doctrine have applied it to ordinary products marketed and sold directly to the general public, like the CAEv2. *See In re 3M*, ECF No. 173 at 6-8 (collecting cases); *Estes v. 3M*, 7:20cv137, ECF No. 173 at 8 ("[T]he basis for distinguishing ordinary consumer products is clear—the underlying rationale for the *intermediary* defense is lost where … users could purchase and use the product *without* an *intermediary*.") (internal marks omitted); *see also* S-GEN-083 (CAEv2 commercial packaging). Here, soldiers could and routinely did purchase the CAEv2 in stores. *See, e.g.*, Hacker v. 3M Co., No. 7:20cv131, ECF No. 233-22 at 104 (soldier testifying that he purchased the CAEv2 at a store on a military base). In short, because the CAEv2 was marketed and sold directly to consumers as a discrete, finished product, all of Defendant's asserted intermediary defenses fail as a matter of law. Therefore, Irizarry's motion for summary judgment is granted as to the intermediary defenses.

### B. Superseding Cause Defense

Irizarry moves for summary judgment on Defendant's superseding cause defense, arguing that the Army's alleged failure to properly fit Irizarry with the CAEv2, train him on its use, and/or warn him of its dangers was foreseeable and created the same risk as Defendant's actions, and thus cannot constitute a superseding cause as a matter of law. The Court agrees.

Under Alabama law, an independent act or event constitutes a superseding cause that relieves a defendant from liability for a plaintiff's injuries only where the intervening act or event was unforeseeable and not a "normal part of the risk created" by the defendant's conduct. *See Haddan v. Norfolk S. Ry. Co.*, --- So. 3d ---, 2022 WL 333879, at *3 (Ala. 2022); *Ala. Power Co. v. Moore*, 899 So. 2d 975, 979 (Ala. 2004). "A [reasonably] *foreseeable* intervening act does not break the causal relationship between the defendant['s] actions and the plaintiff['s] injuries," and does not relieve the defendant of liability. *See Ala. Power*, 899 So. 2d at 979 ("The line is drawn to terminate the defendant's responsibility for injuries of the unanticipated sort resulting from intervening causes which could not reasonably be foreseen, and which are no normal part of the risk created."); *Haddan*, 2022 WL 333879, at *3 ("If an intervening cause could have reasonably been foreseen at the time the tortfeasor acted, it does not break the chain of causation" between the defendants' actions and the plaintiffs' injuries.). While the reasonable foreseeability

of an intervening cause generally is a question of fact for a jury, it is to be decided by the court as a matter of law where "the facts of the cause are not conflicting, and where there can be no reasonable difference of opinion as to the conclusion to be reached upon them." *Haddan*, 2022 WL 333879, at *6 (quoting *Ala. Power*, 899 So. 2d at 979).

Here, as the Court has repeatedly found in this litigation, even viewed in the light most favorable to Defendant, the undisputed facts establish that Defendant knew the Army had a shortage of audiologists and that the CAEv2 was being issued to all deploying soldiers without manufacturer's warnings or instructions. *See, e.g.*, *Adkins v. 3M*, No. 7:20cv012, ECF No. 57 at 8 (citing internal documents demonstrating Defendant's knowledge); *George v. 3M*, No. 7:20cv71963, ECF No. 81 at 5; *see also* ECF No. 15-2 (internal company emails discussing same).  With that knowledge, it was entirely foreseeable to Defendant that the Army may fail to fit Irizarry with the CAEv2, train him on its use, and/or warn him of its dangers. *See, e.g.*, *Adkins*, ECF No. 57 at 4-9; *Camarillo v. 3M*, No. 7:20cv098, ECF No. 83 at 9; *James v. 3M*, 7:20cv12243, ECF No. 27 at 6. Moreover, the Army's alleged failure to fit, train, and/or warn Irizarry and the Defendant's alleged actions in designing a defective earplug created precisely the same type of risk—namely, that Irizarry's hearing would be damaged by injurious noise. *See, e.g.*, *Adkins*, ECF No. 57 at 6-7 & 9; *Camarillo*, ECF No. 83 at 9-10; *James*, ECF No. 27 at 6.  Because the Army's

alleged failures were foreseeable and resulted in the same type of risk as Defendant's actions, the failures cannot constitute a superseding cause of Irizarry's injuries as a matter of Alabama law.  *See Haddan*, 2022 WL 333879, at *6 (quoting *Ala. Power*, 899 So. 2d at 979).  Accordingly, Irizarry's motion for summary judgment is granted as to the superseding cause defense.

**SO ORDERED**, on this 17th day of June, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**